UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZACARIAS MOUSSAOUI,

                Plaintiff,

-against-

JOYCE ELLEN ROSENDAHL,

                Defendant.

20-CV-7339 (CM)

ORDER OF DISMISSAL

---

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated in USP Florence ADMAX, brings this action *pro se*. On September 11, 2020, the Court directed Plaintiff, within thirty days, to either pay the $400.00 in fees that are required to file a civil action in this Court or submit a completed request to proceed *in forma pauperis* (IFP) application. That order specified that failure to comply would result in dismissal of the complaint. (ECF No. 2.)

    On October 2, 2020, the Court received a letter-petition from Plaintiff requesting a "total waiver of court fee[s]." (ECF No. 3, at 1.) Plaintiff asserts that the importance of his case – which he characterizes as seeking "[j]ustice for the 9/11 victim[s] and their families" – requires that the fees be waived. (*Id*.) He further claims that unless the Court provides him a "court fee exemption," he will not be able to proceed with this suit because he "already have more than 20 civil action[s] in progress in the District Court of Colorado." (*Id*. at 10.)

    The Court lacks discretion to waive collection of the filing fees in this case. A prisoner, such as Plaintiff, who "brings a civil action or files an appeal *in forma pauperis* [is] *required* to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added); *see also Bruce v. Samuels*, 136 S. Ct. 627, 630 (2016) (Congress amended the *in forma pauperis* statute to require "prisoners to pay filing fees for the suits or appeals they launch."). Prisoners granted IFP status

are permitted to proceed *without prepaying* at the time of filing the complaint the entire $350.00 filing fee, which is instead deducted from the prisoner's account in increments, as set forth in § 1915(b)(1). Plaintiff's request to waive collection of the filing fees must therefore be denied. *See Leonard v. Lacy*, 88 F.3d 181 (2d Cir. 1996) (obligation to pay filing fees is imposed prior to any assessment of complaint).

Further, Plaintiff's statement that he cannot proceed with this action without a waiver of the filing fees, indicates that he will not pay the filing fees or submit an IFP application and prisoner authorization. The Court therefore dismisses this action without prejudice subject to reopening if, within thirty days of the date of this order, Plaintiff pays the $400.00 filing fees or submits an IFP application and prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 23, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge